IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL LEE GORDON                                                                    PLAINTIFF

versus                                                        CIVIL ACTION NO. 3:15cv898-CWR-FKB

MARSHALL FISHER, COMMISSIONER, et al.                                 DEFENDANTS

REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte*. In this case filed pursuant to 42 U.S.C. § 1983, Gordon, a *pro se* prisoner,[1] was previously granted *in forma pauperis* ("IFP") status under 28 U.S.C. § 1915.  For the reasons stated below, the undersigned recommends that Gordon's IFP status be revoked under 28 U.S.C. § 1915(g).

DISCUSSION

On April 26, 1996, the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)("PLRA") became law.  The PLRA modified the requirements for proceeding *in forma pauperis* in federal courts.  Among other things, a prisoner's privilege to proceed IFP is revoked if the prisoner has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g).[2]  The Court must

---

[1] Gordon was convicted of seven Hobbs Act violations, 18 U.S.C. § 1851, and seven additional counts under 18 U.S.C. § 924(c), and he is currently serving a term of imprisonment of 137 years and six months.  *United States v. Gordon*, 2000 WL 1785905 (6th Cir. Nov. 22, 2000).

[2]  Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

consider all actions which were dismissed as frivolous, malicious, or which failed to state a claim. *Adepegba v. Hammons,* 103 F.3d 383, 386 (5th Cir. 1996)(counting as a "strike" a district court's dismissal, prior to enactment of the PLRA, of a frivolous § 1983 claim). "A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedure." *Id.* at 386-387.

In another case pending before this Court, *Gordon v. Fisher*, *et al.*, Civil Action No. 3:15cv592-DPJ-FKB, certain Defendants filed a Motion to Revoke Plaintiff's *In Forma Pauperis* Status [48].[3] In that motion, Defendants made the Court aware that Gordon has, on not less than three occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[4] Gordon did not respond to the motion to revoke.

In a Report and Recommendation [54] entered on October 17, 2016, in Civil Action No.

---

unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

[3] "A court may take judicial notice of its own records." *Securities & Exchange Commission v. First Financial Group of Texas*, 645 F.2d 429, 433, n.6 (5th Cir. 1981) (citing 9 Wright & Miller, Federal Practice and Procedure § 2410 at 359-60 (1971)).

[4] In *Gordon v. Lappin*, 224 F. App'x 192 (3d Cir. 2007), the appellate court dismissed Gordon's appeal in a civil rights case for its failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B).
   In *Gordon v. Hawk-Sawyer*, Civil Action No. 1:03cv177-RAS-ESH (E.D. Tex. Sept. 15, 2004), the district court dismissed Gordon's case pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* [48-3].
   In *Gordon v. Durkin*, Civil Action No. 2:09cv919-JLG-MRA (S.D. Ohio Dec.4, 2009), the district court dismissed Gordon's case alleging malpractice against his former criminal lawyer for its failure to state a claim upon which relief may be granted. *See* [48-4].

3:15cv592-DPJ-FKB, the undersigned recommended revocation of Gordon's IFP privilege pursuant to 28 U.S.C. § 1915(g).  *See Adepegba*, 103 F.3d at 387.  As described in that Report and Recommendation, several other federal courts have denied or revoked Gordon's IFP status based on the dismissals in *Lappin*, *Hawk-Sawyer*, and *Durkin.*  *See* [49] at n.3, Civil Action No. 3:15cv592-DPJ-FKB.  On November 8, 2016, the District Court adopted the Report and Recommendation and gave Gordon thirty (30) days from entry of the Order to pay the filing fee. *See* Order [55], Civil Action No. 3:15cv592-DPJ-FKB.

Even so, Gordon could still be granted IFP status in this case if he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The Fifth Circuit has held that "imminent danger" for a prisoner with three strikes, such as Gordon, is evaluated "at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP."  *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  This Court has concluded that "the danger must exist at the time the complaint is filed."  *Edmonson v. Sollie*, Civil Action No. 3:13cv1069-HTW-LRA, 2015 WL 737425, at  *2-3 (S.D. Miss. Feb. 20, 2015)(collecting cases); *see also Banks v. Langford*, Civil Action No. 5:10cv53-KS-MTP, 2010 WL 1711757, *2 (S.D. Miss. Apr. 26, 2010)(Starrett, J.)(finding that "the danger must exist at the time the complaint is filed.") .

In this action, Gordon complains of his conditions of confinement while he was housed in July and August 2015 at the Central Mississippi Correctional Facility ("CMCF") of the Mississippi Department of Corrections, located in Pearl, Mississippi.  When he signed his complaint and motion to proceed IFP on November 27, 2015, he was no longer housed at CMCF, and he had been moved to the Mississippi State Penitentiary located at Parchman,

Mississippi ("Parchman"). *See* [1] at 1, 12; [2]. On March 8, 2016, Gordon notified the Court that he had been transferred to a Bureau of Prisons facility, located in Coleman, Florida. *See* [19].

According to *Banos,* the evaluation of a prisoner plaintiff's "imminent danger" is made at the time of the filing of the complaint and the motion to proceed IFP. Gordon's original complaint was filed *after* his move to Parchman and concerned only his conditions of confinement at CMCF during July and August 2015, not his conditions of confinement at Parchman. A claim of past danger, such as that alleged in his original complaint, is insufficient to trigger the "imminent danger" exception of § 1915(g), especially in light of Gordon's transfer to Parchman, and his subsequent transfer to a Bureau of Prisons facility in Florida. *See Davis v. Flagg*, Civil Action No. 4:10cv53-DPJ-FKB, 2011 WL 3207742, *2 (S.D. Miss. June 30, 2011); *see also Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)(finding that a cessation of the threat prior to filing complaint and a lack of ongoing danger due to transfer were insufficient to trigger the § 1915(g) exception).

Accordingly, because the Court has revoked Gordon's IFP designation in another pending case before this Court when he did not meet the "imminent danger" exception to the three strikes provision of § 1915, and because it appears that he did not meet the "imminent danger" exception when he filed this action,[5] the undersigned recommends that Plaintiff's IFP status be revoked, and Plaintiff be given thirty (30) days, from the date of any order adopting this Report and Recommendation, to pay to the Clerk of Court the required $350.00 filing fee plus a $50.00

---

[5]In its previous grant of IFP, the Court did not engage in an "imminent danger" analysis. *See* Order [7].

administrative fee.  **Plaintiff is warned that failure to pay the filing fee will result in an order of dismissal for want of prosecution under Fed. R. Civ. P. 41(b).**

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 18th day of November, 2016.

   /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE